1  STROOCK & STROOCK & LAVAN LLP
   JULIA B. STRICKLAND (State Bar No. 083013)
2  MARCOS D. SASSO (State Bar No. 228905)
   A. R. KACHADOORIAN (State Bar No. 240601)
3  2029 Century Park East, Suite 1600
   Los Angeles, California 90067-3086
4  Telephone: 310-556-5800
   Facsimile: 310-556-5959
5  lacalendar@stroock.com

6  Attorneys for Defendant
     CITIBANK, N.A.

7

8

9            UNITED STATES DISTRICT COURT

10           CENTRAL DISTRICT OF CALIFORNIA

11

12 JOAN FRANK,              **ED CV** Case No. **01250**

13          Plaintiff,       NOTICE OF REMOVAL

14     vs.                   **(Pursuant to 28 U.S.C. §§ 1331,**
                             **1441(b), 1446 – Federal Question)**
15 CITIBANK, NATIONAL
   ASSOCIATION, an FDIC insured
16 corporation and DOES 1 through 100
   inclusive,

17          Defendants.

18

19

20

21

22

23

24

25

26

27

28



**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE THAT,** pursuant to 28 U.S.C. §§ 1331, 1441(b), and 1446, defendant Citibank, N.A. ("Citibank") hereby removes the action entitled <u>Joan Frank v. Citibank, National Association</u>, Riverside County Superior Court Case No. RIC 1209859 (the "Action"), to the United States District Court for the Central District of California, on the following grounds:

1.      <u>Removal Is Timely.</u>  Plaintiff Joan Frank ("Plaintiff") served Citibank with the Summons and Complaint in the Action on June 29, 2012.  This Notice of Removal has been filed within thirty days of service of the Complaint on Citibank and is therefore timely under 28 U.S.C. § 1446(b).  Copies of the Summons and Complaint, as well as the Civil Case Cover Sheet, Notice of Assignment to Department for Case Management Purposes and Case Management Conference, and ADR Information Package, served on Citibank in the Action are attached hereto as composite Exhibit A.  On July 26, 2012, Citibank filed an Answer and Affirmative Defenses to the Complaint, a copy of which is attached hereto as Exhibit B.

2.      <u>This Court Has Removal Jurisdiction Over This Action.</u>  The Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331 and is one which Citibank may remove to this Court pursuant to the provisions of 28 U.S.C. § 1441(b) in that Plaintiff alleges violations of the federal Fair Credit Reporting Act, 15 U.S.C. § 1681, <u>et seq.</u> (the "FCRA") (<u>see</u> Complaint, ¶¶ 22-30), claims that are created by, and arise under, federal law.  To the extent any other claims in the Action arise under state law, including, but not limited to, Plaintiff's claims for alleged violation of California's Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785, <u>et seq.</u> (the "CCRAA"), and California Business and Professions Code § 17200, <u>et seq.</u> (the "UCL"), supplemental jurisdiction over such claims exists pursuant to 28 U.S.C. §§ 1367 and 1441(c).

3.      <u>No Other Defendant's Consent Is Required For Removal.</u>  No other defendant is named in the Action, and therefore, no other entity's consent is required

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

1  for removal.  Accordingly, the Action is properly removed pursuant to 28 U.S.C. §

2  1446(a) & (b).

3       4.    <u>Notice Has Been Effected</u>.  A copy of this Notice of Removal is being

4  filed with the Superior Court for the State of California for the County of Riverside

5  and concurrently served on Plaintiff's counsel of record.

6

7  Dated:  July 27, 2012          STROOCK & STROOCK & LAVAN LLP
                                 JULIA B. STRICKLAND

8                                   MARCOS D. SASSO
                                 ALEXANDRIA KACHADOORIAN

9

10                        By: _____

11                                  Alexandria Kachadoorian

12                          Attorneys for Defendant
                        CITIBANK, N.A.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

LA 51565264

# Exhibit A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

NOTICE TO DEFENDANT:
(AVISO AL DEMANDADO):

Citibank, National Association an FDIC insured corporation and DOES
1 through 100 inclusive

YOU ARE BEING SUED BY PLAINTIFF:
(LO ESTÁ DEMANDANDO EL DEMANDANTE):

Joan Frank

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

JUN 28 2012

M. Preciado

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is:<br>(El nombre y dirección de la corte es): Riverside<br><br>4050 Main Street<br>Riverside, CA 92501 | CASE NUMBER:<br>(Número del Caso):<br>RIC 1209859 |
| --- | --- |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Elliot Gale, 333 West San Carlos Street, Suite 1750 San Jose, CA 95110, 1-408-279-2288

DATE: June 28, 2012     JUN 28 2012     Clerk, by     M. Preciado     , Deputy
(Fecha)                                 (Secretario)                         (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
(SEAL)
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): Citibank, National Association an FDIC insured corporation

   under: ☒ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
           ☐ other (specify):
4. ☐ by personal delivery on (date):

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Exh. A, Page 4

1   SCOTT J. SAGARIA (BAR # 217981)
    Ssagaria@sagarialaw.com
2   ELLIOT W. GALE (BAR #263326)
    Egale@sagarialaw.com
3   SAGARIA LAW, P.C.
    333 West San Carlos Street, Suite 1750
4   San Jose, CA 95110
    408-279-2288 ph
5   408-279-2299 fax

6   Attorneys for Plaintiff

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        FOR THE COUNTY OF RIVERSIDE

10

11                                    CASE NO.: RIC 1 2 0 9 8 5 9

12

13                                    COMPLAINT FOR DAMAGES:

14   JOAN FRANK,
                                         1.  Violation of Fair Credit Reporting Act;
15              Plaintiff,               2.  Violation of California Consumer Credit
                                             Reporting Agencies Act;
16      v.                              3.  Violation of California Unfair Business
                                             Practices Act;
17

18   CITIBANK, NATIONAL ASSOCIATION          BY FAX
     an FDIC insured corporation and DOES 1
19   through 100 inclusive,

20              Defendants.

21

22

23   COMES NOW Plaintiff JOAN FRANK, an individual, based on information and belief, to allege

24   as follows:

25

26

27

28

                              COMPLAINT-1

## INTRODUCTION

1. This action seeks redress for the unlawful and deceptive practices committed by the Defendants in connection with their inaccurate reporting of Plaintiff's discharged debt. In particular, Defendants' conduct involves improperly continuing to report Plaintiff's account derogatory "charge off" instead of discharged in bankruptcy, after receiving notice of Plaintiff's dispute from Transunion. Defendant's also failed to report the debt as disputed. Plaintiff seeks monetary and declaratory relief based on violations of Fair Credit Reporting Act, 15 U.S.C. 1681 et. seq., and California Consumer Credit Reporting Act, California Civil Code §1785.1 et seq. Additional causes of actions are stated for violations of the California Business and Professions Code 17200.

## JURISDICTION AND VENUE

2. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, fully set forth herein.

3. Plaintiff, Joan Frank (hereinafter "Plaintiff"), is an individual and currently resides in the county of Riverside, California.

4. This venue is proper pursuant to California Code of Civil Procedure § 395.5.

5. This Court has jurisdiction over Plaintiff's allegations pursuant to California Code of Civil Procedure § 410.10 et seq.

6. Plaintiff is a natural person and competent adult who at all relevant times in this Complaint resided in the State of California.

7. Defendant, Citibank, National Association (hereinafter "Creditor") is located at 701 East 60th Street North, Sioux Falls SD 57104. Creditor collects debts on its own behalf throughout the county of Riverside.

8. Plaintiff is unaware of the true names and capacities of Defendants DOES 1 through 100, inclusive. Plaintiff is informed and believes and thereon alleges that each fictitious Defendant was in some way responsible for the matters and things complained of herein, and in some fashion, has legal responsibility therefore.  When the exact nature and identity of each fictitious Defendant's responsibility for the matters and things

COMPLAINT - 2

herein alleged are ascertained by Plaintiff, Plaintiff will seek to amend this Complaint and all proceedings to set forth the same, pursuant to California Code of Civil Procedure 474.

9. Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, each of Defendant is, and at all relevant times herein was, the agent, employee, and alter ego of each of the remaining Co-Defendants, and in committing the acts herein alleged, was acting in the scope of their authority as such agents, employees, or alter egos and with the permission and consent of the remaining Co-Defendants.

## PRE-LITIGATION CLAIM FILINGS

10. On or about April 4, 2012 Plaintiff sent Transunion a written notice disputing Creditor's improper reporting of Plaintiff's account as "charged off" instead of discharged in bankruptcy. Pursuant to Section 1681i(a)(2) of the Fair Credit Reporting Act, Transunion provided notice to Creditor of Plaintiff's dispute. After receiving notice of Plaintiff's allegations, Creditor verified that it received notice of Plaintiff's from Transunion and continued inaccurately reporting the derogatory delinquent notation.

## GENERAL ALLEGATIONS

11. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, as though fully set forth herein.

12. On May 2, 2011 Plaintiff filed a joint voluntary Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Central District of California.

13. The § 341(a) meeting of creditors was held in Riverside, California on or about June 16, 2011.

14. In the Schedules filed with the petition in this case and on the master mailing matrix filed with the Clerk of this Court, an unsecured debt was listed on Schedule F in favor of Creditor in the amount of $1,149.00 (hereinafter "Debt").

15. On August 16, 2011 Plaintiff was granted a discharge of all dischargeable debts pursuant to 11 U.S.C. § 727. Creditor was noticed by electronic transmission of Plaintiff's discharge on August 16, 2011. Since Plaintiff never re-affirmed Creditor's debt during bankruptcy, Plaintiff alleges that this Discharge included the debt to Creditor.

16. On April 4, 2012 Plaintiff sent written notice to Transunion specifically disputing Creditor's inaccurate reporting of Plaintiff's account as "charged off" after Plaintiff received a discharge in bankruptcy.

17. On May 4, 2012 Plaintiff received a copy of her Service 1st credit report a compilation of credit reports from Transunion, Equifax, and Experian in order to verify that the inaccuracies on Plaintiff's credit report were corrected. Creditor continued reporting to Transunion Plaintiff's account as charged off rather than discharged in bankruptcy. In addition Creditor failed to report the debt as disputed even after receiving notice of Plaintiff's allegations.

18. To date, Creditor refuses to correct Plaintiff's credit report despite being noticed of the original bankruptcy and re-noticed of its inaccurate reporting from Transunion.

19. The actions of Creditor as alleged herein are acts in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b).

20. The actions of Creditors as alleged herein are acts in violation of the consumer credit reporting agencies act California Civil Code § 1785.25(a).

21. The actions of Creditors as alleged herein are acts in violation of the California Business and Professions Code § 17200.

## FIRST CAUSE OF ACTION
(Violation Of Fair Credit Reporting Act
15 U.S.C. § 1681s-2(b))
(Against Defendant Creditor and Does 1-100)

22. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, as though fully set forth herein.

COMPLAINT - 4

23. Creditor, in the course of regular business, reports information to credit reporting agencies.

24. Plaintiff promptly disputed Creditor's inaccurate reporting with Transunion. Transunion sent notice of Plaintiff's dispute to Creditor pursuant to Section 1681i(a)(2) of the Fair Credit Reporting Act. Creditor was thereafter under a duty to reasonably investigate Plaintiffs dispute and to modify, delete, or block the information if the investigation finds the information is incomplete or inaccurate pursuant to section 15 U.S.C. 1681s-2(b)(1)(A) & (E).

25. Plaintiff is informed that Creditor violated 15 U.S.C. 1681s-2(b)(1)(A) by failing to reasonably investigate Plaintiff's dispute after receiving notice from Transunion. Specifically, Plaintiff is informed that Creditor, after receiving notice of Plaintiff's dispute from Transunion, should have discovered from its records, including the two notices sent from the bankruptcy noticing center, that Plaintiff's account was discharged in bankruptcy. Because Plaintiff was no longer personally obligated to pay the preexisting debt with Creditor, Creditor should not have reported the account as charged off.

26. Plaintiff is informed that Creditor violated 15 U.S.C. 1681s-2(b)(1)(E) by failing to discover and remove the derogatory delinquent notation on Plaintiff's credit report. Specifically, Creditor should have reported to Transunion that Plaintiff's credit report should indicate that Plaintiff's account was discharged in bankruptcy. Plaintiff's account should also have been reported as disputed.

27. Creditor's failure to correct the previously disclosed inaccuracies on Plaintiff's credit report was intentional and in reckless disregard of its duty to refrain from reporting inaccurate information. Consequently, creditor willfully and negligently failed to comply with its duty to investigate Plaintiff's dispute under 15 U.S.C. 1681(n) & (o).

28. As a direct and proximate result of Creditor's willful and untrue communications, Plaintiff has suffered actual damages including but not limited to reviewing credit reports from all three consumer reporting agencies, traveling to and from Plaintiff's

COMPLAINT - 5

counsel's office, sending demand letters, continued impairment to her credit score, and
such further expenses in an amount to be determined at trial.

29. As a further direct and proximate result of Creditor acts state herein, Plaintiff incurred
pain and suffering, was impeded in seeking necessary products and services from
vendors and additional credit from other credit agencies.

30. Wherefore, Plaintiff prays for judgment as hereinafter set forth.

### SECOND CAUSE OF ACTION
(Violation Of Consumer Credit Reporting Agencies Act
California Civil Code § 1785.25(a))
(Against Defendants Creditor and Does 1-100)

31. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and
every paragraph above, as though fully set forth herein.

32. Creditor, in the ordinary course of business, regularly and on a routine basis furnishes
information to one or more consumer credit reporting agencies.

33. Creditor intentionally and knowingly reported inaccurate and false information
regarding delinquency in payment after Plaintiff received a discharge in bankruptcy to
credit reporting agencies in violation of California Civil Code § 1785.25(a).

34. Creditor should have discovered through investigation that the reported information of
Plaintiff's account was inaccurate.

35. Creditor failed to correct inaccurate information provided to the agencies as described
hereinabove in violation of California Civil Code § 1785.25(a).

36. Creditor's communications of false information, and repeated failures to investigate,
and correct their inaccurate information and erroneous reporting were done knowingly,
intentionally, and in reckless disregard for their duties and Plaintiff's rights.

37. As a direct and proximate result of Creditors willful and untrue communications,
Plaintiff has suffered actual damages including but not limited to reviewing credit
reports from all three consumer reporting agencies, traveling to and from Plaintiff's

COMPLAINT - 6

counsel's office, sending demand letters, continued impairment to her credit score, and such further expenses in an amount to be determined at trial.

38. As a further direct and proximate result of Creditor acts state herein, Plaintiff incurred pain and suffering, was impeded in seeking necessary products and services from vendors and additional credit from other credit agencies.

39. Wherefore, Plaintiff prays for judgment as hereinafter set forth.

### THIRD CAUSE OF ACTION
(Unfair Business Practices Act
California Business and Professions Code § 17200)
(Against Defendant Creditor and Does 1-100)

58. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, as though fully set forth herein.

59. Plaintiff brings this action in individual capacity and on behalf of the general public.

60. Creditor at all times relevant to this Complaint, was engaged in the business of collections and providing services on credit to qualified applicants.

61. Commencing on or about January 18, 2011 and continuing to the present, Creditor committed the acts of unfair practices as defined by Business and Professions Code § 17200 and described in the above stated Causes of Action.

62. Creditor's misleading and unfair practice within the meaning of Business and Professions Code § 17200 specifically includes Creditor's continued inaccurate reporting after receiving notice of Plaintiff's dispute in violation of California Civil Code § 1785.25(a).

63. These unfair and unlawful business practices of Creditor are likely to continue and therefore will continue to injure Plaintiff and mislead the public by inaccurate record keeping, failure to correct inaccuracies and erroneous dissemination of inaccurate information, and present a continuing threat to the public.

65. Wherefore, Plaintiff prays for judgment as hereinafter set forth.

COMPLAINT - 7

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

a. For preliminary and permanent injunctive relief to stop Defendants from engaging in the conduct described above;

b. Award $10,000 in statutory and actual damages pursuant to 15 U.S.C. § 1681n and California Civil Code § 1785.31;

c. Award punitive damages in an amount to deter further unlawful conduct pursuant to 15 U.S.C. § 1681n; and California Civil Code § 1785.31

d. Award attorney's fees and costs of suit incurred herein pursuant to 15 U.S.C. § 1681n & o; and California Civil Code § 1785.31;

e. For determination by the Court that Creditor's policies and practices are unlawful and in willful violation of 15 U.S.C. § 1681n, et seq.; California Business and Professions Code § 17200, et seq.; and California Civil Code §§ 45, 1785.25(g), et seq.,;

f. For determination by the Court that Creditor's policies and practices are unlawful and in negligent violation of 15 U.S.C. § 1681o;

g. For such other and further relief as the court deems appropriate under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of this matter by jury.


SAGARIA LAW, P.C.

Dated: June 28, 2012            By:    _____

Elliot Gale, Esq.
Attorneys for Plaintiff


COMPLAINT - 8

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| SCOTT J. SAGARIA (BAR # 217981)<br>ELLIOT W. GALE (BAR #263326)<br>SAGARIA LAW, P.C.<br>333 West San Carlos Street, Suite 1750 San Jose, CA 95110<br>TELEPHONE NO.: 408-279-2288   FAX NO.: 408-279-2299<br>ATTORNEY FOR (Name): Joan Frank | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Riverside
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS:
CITY AND ZIP CODE: Riverside, CA 9250
BRANCH NAME: Civil

CASE NAME:
Frank v. Citibank, National Association

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: RIC 1209859 |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT:<br>BY FAX |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Mass tort (40) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Product liability (24) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse condemnation (14) | |
| [ ] Other PI/PD/WD (23) | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [✓] Business tort/unfair business practice (07) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Civil rights (08) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Residential (32) | [ ] Other complaint (not specified above) (42) |
| [ ] Fraud (16) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | [ ] Asset forfeiture (05) | [ ] Other petition (not specified above) (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Petition re: arbitration award (11) | |
| **Employment** | [ ] Writ of mandate (02) | |
| [ ] Wrongful termination (36) | [ ] Other judicial review (39) | |
| [ ] Other employment (15) | | |

2. This case [ ] is   [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence           f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action (specify):  Three
5. This case [ ] is   [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: June 28, 2012
Elliot Gale
_____       ► _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]                    **CIVIL CASE COVER SHEET**     Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

Exh. A, Page 13

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
4050 Main Street
Riverside, CA  92501
www.riverside.courts.ca.gov

NOTICE OF ASSIGNMENT TO DEPARTMENT FOR CASE MANAGEMENT PURPOSES
AND CASE MANAGEMENT CONFERENCE (CRC 3.722)

FRANK VS CITIBANK NA

CASE NO. RIC 1209859

This case is assigned to the Honorable Commissioner Pamela A Thatcher
in Department 04 for case management purposes.
The Case Management Conference is scheduled for 01/03/13
at  8:30 in Department 04.

Case is Assigned to Department 02 for Law and Motion Purposes.

The plaintiff/cross-complainant shall serve a copy of this notice on
all defendants/cross-defendants who are named or added to the
complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6(a)(2) shall be
filed in accordance with that section.

CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of
California, County of Riverside, and that I am not a party to this
action or proceeding. In my capacity, I am familiar with the practices
and procedures used in connection with the mailing of correspondence.
Such correspondence is deposited in the outgoing mail of the Superior
Court. Outgoing mail is delivered to and mailed by the United States
Postal Service, postage prepaid, the same day in the ordinary course
of business. I certify that I served a copy of the foregoing
notice on this date, by depositing said copy as stated above.

Dated: 06/28/12                Court Executive Officer/Clerk

                         By:   M. Preciado
                               _____
                               MARIA M PRECIADO, Deputy Clerk

ac;cmc;cmcb;cmch;cmct;cmcc
cmccb;cmcch;cmcct

Exh. A, Page 15



SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
www.riverside.courts.ca.gov
Self-represented parties: http://riverside.courts.ca.gov/selfhelp/self-help.shtml

---

### ALTERNATIVE DISPUTE RESOLUTION (ADR) — *INFORMATION PACKAGE*
(California Rules of Court, Rule 3.221; Local Rule, Title 4)

### ***THE PLAINTIFF MUST SERVE THIS INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT. ***

---

### What is ADR?
Alternative Dispute Resolution (ADR) is a way of solving legal disputes without going to trial. The main types are mediation, arbitration and settlement conferences.

### Advantages of ADR:
- **Faster:** ADR can be done in a 1-day session within months after filing the complaint.
- **Less expensive:** Parties can save court costs and attorneys' and witness fees.
- **More control:** Parties choose their ADR process and provider.
- **Less stressful:** ADR is done informally in private offices, not public courtrooms.

### Disadvantages of ADR:
- **No public trial:** Parties do not get a decision by a judge or jury.
- **Costs:** Parties may have to pay for both ADR and litigation.

### Main Types of ADR:

**Mediation:** In mediation, the mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to create a settlement agreement that is acceptable to everyone. If the parties do not wish to settle the case, they go to trial.

### Mediation may be appropriate when the parties:
- want to work out a solution but need help from a neutral person; or
- have communication problems or strong emotions that interfere with resolution; or
- have a continuing business or personal relationship.

### Mediation is not appropriate when the parties:
- want their public "day in court" or a judicial determination on points of law or fact;
- lack equal bargaining power or have a history of physical/emotional abuse.

**Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration the arbitrator's decision is final; there is no right to trial. In "non-binding" arbitration, any party can request a trial after the arbitrator's decision. The court's mandatory Judicial Arbitration program is non-binding.

### Arbitration may be appropriate when the parties:
- want to avoid trial, but still want a neutral person to decide the outcome of the case.

### Arbitration is not appropriate when the parties:
- do not want to risk going through both arbitration and trial (Judicial Arbitration)
- do not want to give up their right to trial (binding arbitration)

RI-ADR1
Rev. 7/25

Exh. A, Page 16

**Settlement Conferences:**   Settlement conferences are similar to mediation, but the settlement officer usually tries to negotiate an agreement by giving strong opinions about the strengths and weaknesses of the case, its monetary value, and the probable outcome at trial.   Settlement conferences often involve attorneys more than the parties and often take place close to the trial date.

### RIVERSIDE COUNTY SUPERIOR COURT ADR REQUIREMENTS

ADR information and forms are posted on the ADR website: http://riverside.courts.ca.gov/adr/adr.shtml

**General Policy:**
 Parties in most general civil cases are expected to participate in an ADR process before requesting a trial date and to participate in a settlement conference before trial. (Local Rule 4.0000)

**Court-Ordered ADR:**
 Certain cases valued at $50,000 or under may be ordered to judicial arbitration or mediation. This order is usually made at the Case Management Conference. For more information, see the "Court-Ordered Mediation Information Sheet" http://www.riverside.courts.ca.gov/adr/infosheet4crtordered_mediation.pdf

**Private Voluntary ADR (for cases not ordered to arbitration or mediation):**
 Parties schedule and pay for their ADR process without Court involvement.  Parties may schedule private ADR at any time; there is no need to wait until the Case Management Conference. Many Civil Mediation Panel mediators provide reduced-cost "VALUE" mediations when the amount in dispute is $100,000 or under. For more information, see the "Private Mediation Information Sheet" http://www.riverside.courts.ca.gov/adr/infosheet4privatemediation.pdf

**BEFORE THE CASE MANAGEMENT CONFERENCE (CMC), ALL PARTIES MUST:**
1. Discuss ADR with all parties at least 30 days before the CMC.  Discuss:
    - Your preferences for mediation or arbitration. Before selecting mediation, review the information posted here: http://www.riverside.courts.ca.gov/adr/infosheet4crtordered_mediation.pdf
    - Your schedule for discovery (getting the information you need) to make good decisions about settling the case at mediation or presenting your case at an arbitration.
2. File the attached "Stipulation for ADR" along with the Case Management Statement, if all parties can agree.
3. Be prepared to tell the judge your preference for mediation or arbitration and the date when you could complete it.
                            (Local Rule 4.0018)

**RIVERSIDE COUNTY ADR PROVIDERS INCLUDE:**
- The Court's Civil Mediation Panel (available for Court-Ordered Mediation and Private Mediation, including VALUE mediations).  See http://adr.riverside.courts.ca.gov/adr/civil/panelist.php or ask for the list in the civil clerk's office, attorney window.
- Riverside County ADR providers funded by DRPA (Dispute Resolution Program Act): Dispute Resolution Service (DRS) Riverside County Bar Association:  (951) 682-1015 Dispute Resolution Center, Community Action Partnership (CAP):  (951) 955-4900



Presented by the
Judicial Council of California
and the
State Bar of California

# Introduction

Did you know that most civil lawsuits settle without a trial?

And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolution (ADR). The most common forms of ADR are mediation, arbitration, and case evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities, through dispute resolution programs and private neutrals.

# Advantages of ADR

ADR can have a number of advantages over a lawsuit.

- **ADR can be speedier.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- **ADR can save money.** Court costs, attorneys fees, and expert fees can be saved.

- **ADR can permit more participation.** The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

2

- **ADR can be flexible.** The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.

- **ADR can be cooperative.** This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- **ADR can reduce stress.** There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.

- **ADR can be more satisfying.** For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' positions harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

## Disadvantages of ADR

ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

- There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be

3

effective if it takes place before the parties have sufficient information to resolve the dispute.

- The neutral may charge a fee for his or her services.

- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

- Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

## Three Common Types of ADR

This pamphlet describes the forms of ADR most often found in the California state courts and discusses when each may be right for a dispute.

### • MEDIATION

In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator does not decide how the dispute is to be resolved. The parties do.

Mediation is a cooperative process, in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other, where at least one party loses. Mediation normally leads to better relations between the parties and to resolutions that hold up. For example, mediation has been very successful in family disputes, particularly with child custody and visitation.

Mediation is particularly effective when the parties have a continuing relationship, like neighbors or business people. Media-

4

tion also is very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to let out their feelings and find out how each other sees things.

Mediation may not be a good idea when one party is unwilling to discuss a resolution or when one party has been a victim of the other or cannot have enough bargaining power in the mediation. However, mediation can be successful for victims seeking restitution from offenders. A mediator can meet with the parties separately when there has been violence between them.

- **ARBITRATION**

In arbitration, a neutral (the arbitrator) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. This is very different from mediation, where the mediator helps the parties reach their own resolution. Arbitration normally is more informal and much speedier and less expensive than a lawsuit. Because of the large number of cases awaiting trial in many courts, a dispute normally can be heard much more quickly by an arbitrator than by a judge. Often a case that may take a week to try in court can be heard by an arbitrator in a matter of hours, because evidence can be submitted by documents (like medical reports and bills and business records), rather than by testimony.

There are two kinds of arbitration in California. Private arbitration, by agreement of the parties involved in the dispute, takes place outside of the courts and, normally, is binding. In most cases "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an appeal of that decision. By contrast, a decision by an arbitrator in a case referred by the courts, known as "judicial arbitration," is not binding, unless the parties agree to be bound. A party who does not like the award may file a request for trial with the court within a specified time. However, if that party does not do better in the trial than in arbitration, he or she may have to pay a penalty.

5

Arbitration is best for cases where the parties want a decision without the expense of a trial. Arbitration may be better than mediation when the parties have no relationship except for the dispute.

Arbitration may not be a good idea when the parties want to resolve their dispute by themselves, or with the aid of a neutral.

## • CASE EVALUATION

In case evaluation, a neutral (the evaluator) gives an opinion on the strengths and weaknesses of each party's evidence and arguments, and makes an evaluation of the case. Each party gets a chance to present the case and hear the other side. This may lead to a settlement, or at least help the parties prepare to resolve the dispute later on.

Case evaluation, like mediation, can come early in the dispute and save time and money.

Case evaluation is most effective when someone has an unrealistic view of the dispute or when the only real issue is what the case is worth, or when there are technical or scientific questions to be worked out.

Case evaluation may not be a good idea when it is too soon to tell what the case is worth or when the dispute is about something besides money, like a neighbor playing loud music late at night.

## Additional Information

There are several other types of ADR beside mediation, arbitration, and case evaluation. Some of these are conciliation, settlement conferences, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are

6

most likely to resolve your dispute.

The selection of a neutral is an important decision. There is no legal requirement that the neutral be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals. You may wish to inquire about the qualifications of any neutral you are considering.

Agreements reached through ADR normally are put in writing by the neutral and, if the parties wish, may become binding contracts that can be enforced by a judge.

You may wish to seek the advice of an attorney as to your legal rights and other matters relating to the dispute.

## Whom Do You Call?

To locate a dispute resolution program or neutral in your community:

- Contact the **California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-952-5210,** or

- Contact the **local bar association,** or

- Look in the **Yellow Pages** under "Arbitrators" or "Mediators."

There may be a charge for services provided by private arbitrators and mediators.

7

Exh. A, Page 24



March 1998

# Exhibit B



| | |
|---|---|
| 1 | STROOCK & STROOCK & LAVAN LLP |
| 2 | JULIA B. STRICKLAND (State Bar No. 083013)<br>MARCOS D. SASSO (State Bar No. 228905) |
| 3 | A. R. KACHADOORIAN (State Bar No. 240601)<br>2029 Century Park East, Suite 1600 |
| 4 | Los Angeles, California 90067-3086<br>Telephone: 310-556-5800 |
| 5 | Facsimile: 310-556-5959<br>lacalendar@stroock.com |
| 6 | Attorneys for Defendant |
| 7 | CITIBANK, N.A. |

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

JUL 26 2012

A. Sanchez

8

9            SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                 FOR THE COUNTY OF RIVERSIDE

11   JOAN FRANK,                    )   Case No. RIC 1209859
                                    )
12           Plaintiff,             )   [Assigned to the Honorable Pamela A.
                                    )   Thatcher, Commissioner, Dept. 4]
13   vs.                           )
                                    )   **ANSWER AND AFFIRMATIVE**
14   CITIBANK, NATIONAL ASSOCIATION, )  **DEFENSES OF DEFENDANT CITIBANK,**
     an FDIC insured corporation and DOES 1 ) **N.A. TO COMPLAINT**
15   through 100 inclusive,         )
                                    )
16           Defendants.            )
                                    )
17

18

19

20

21

22

23

24

25

26

27

28

LA 51564888

1    Defendant Citibank, N.A. ("Citibank"), for its answer to the Complaint filed by plaintiff

2    Joan Frank ("Plaintiff"), responds and alleges as follows:

3    Pursuant to the provisions of California Code of Civil Procedure section 431.30(d),

4    Citibank denies, generally and specifically, in the conjunctive and disjunctive, each and every

5    allegation contained within the Complaint, and the Complaint as a whole, and further denies that

6    Plaintiff has suffered harm as alleged in the Complaint, or at all, and that Citibank has any liability

7    whatsoever to Plaintiff as alleged in the Complaint, or at all.  Citibank further denies that the relief

8    requested by Plaintiff is appropriate and/or that damages were sustained, or that Citibank's conduct

9    was unlawful, unfair, fraudulent, negligent, willful, objectionable or unreasonable, or that Citibank

10   violated the requirements of any applicable statute.  Citibank further denies that by reason of any

11   act, fault, carelessness or omission on its part, Plaintiff has been injured, damaged or harmed in any

12   way or in any amount whatsoever, or at all, by reason of any acts or omissions of Citibank.

13   Citibank denies that Plaintiff is entitled to any actual damages, statutory damages, punitive

14   damages, restitution, attorneys' fees and/or costs of suit.

15                          **FIRST AFFIRMATIVE DEFENSE**

16                          **FAILURE TO STATE A CLAIM**

17                          (To All Causes Of Action)

18   1.    The Complaint, and each claim and cause of action alleged therein, fails to state

19   facts sufficient to constitute a cause of action against Citibank.

20                          **SECOND AFFIRMATIVE DEFENSE**

21                                  **ESTOPPEL**

22                          (To All Causes Of Action)

23   2.    The Complaint, and each claim and cause of action alleged therein, is barred by the

24   conduct, actions and inactions of Plaintiff, which amount to and constitute an estoppel of the causes

25   of action and any relief sought thereby.

26

27

28

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1  **THIRD AFFIRMATIVE DEFENSE**

2  **WAIVER**

3  (To All Causes Of Action)

4      3.      The Complaint, and each claim and cause of action alleged therein, is barred by the

5  conduct, action and inactions of Plaintiff, which amount to and constitute a waiver of any right or

6  rights Plaintiff may or might have in relation to the matters alleged in the Complaint.

7  **FOURTH AFFIRMATIVE DEFENSE**

8  **UNCLEAN HANDS**

9  (To All Causes Of Action)

10      4.      The Complaint, and each claim and cause of action alleged therein, is barred, in

11  whole or in part, on the grounds that Plaintiff may obtain no relief under the Complaint by reason

12  of the doctrine of unclean hands.

13  **FIFTH AFFIRMATIVE DEFENSE**

14  **CONSENT/ACQUIESCENCE**

15  (To All Causes Of Action)

16      5.      By her own conduct, acts, omissions, contractual promises and agreements, Plaintiff

17  consented to and acquiesced in Citibank's conduct.

18  **SIXTH AFFIRMATIVE DEFENSE**

19  **LACHES**

20  (To All Causes Of Action)

21      6.      Plaintiff unreasonably has delayed taking action in connection with the alleged

22  claims, causing substantial prejudice to Citibank, and such claims therefore are barred pursuant to

23  the doctrine of laches.

24  **SEVENTH AFFIRMATIVE DEFENSE**

25  **FAILURE TO MITIGATE**

26  (To All Causes Of Action)

27      7.      Although Citibank denies that Plaintiff has suffered any loss, to the extent that loss

28  has been suffered, Plaintiff has failed to mitigate that loss.

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EIGHTH AFFIRMATIVE DEFENSE**

**RATIFICATION**

(To All Causes Of Action)

8.      The Complaint, and each claim and cause of action alleged therein, is barred by the conduct, actions and inactions of Plaintiff under the doctrine of ratification.

**NINTH AFFIRMATIVE DEFENSE**

**DISCHARGE OF DUTY**

(To All Causes Of Action)

9.      Citibank alleges that it has appropriately, completely and fully performed and discharged any and all obligations and legal duties, if any, arising out of the matters alleged in the Complaint, including, but not limited to, the federal Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA"), the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785, et seq. (the "CCRAA"), and California Business and Professions Code § 17200, et seq. (the "UCL").

**TENTH AFFIRMATIVE DEFENSE**

**SPECULATIVE DAMAGES**

(To All Causes Of Action)

10.      The Complaint, and each claim and cause of action alleged therein, is barred, in whole or in part, on the grounds that Plaintiff seeks damages that are too speculative to permit recovery.

**ELEVENTH AFFIRMATIVE DEFENSE**

**PRIVILEGED CONDUCT**

(To All Causes Of Action)

11.      The Complaint, and each claim and cause of action alleged therein, is barred, in whole or in part, on the grounds that Citibank's conduct was subject to a privilege and/or a qualified privilege so as to bar any recovery by Plaintiff.

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

**TWELFTH AFFIRMATIVE DEFENSE**

**ADEQUATE LEGAL REMEDY**

(To All Causes of Action)

12.     Each claim and cause of action of the Complaint that alleges a request for injunctive and equitable relief is barred because Plaintiff has an adequate legal remedy.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**NO INJURY**

(To All Causes of Action)

13.     The Complaint, and each claim and cause of action alleged therein, is barred, in whole or in part, because Plaintiff suffered no injury as a result of any act or practice of Citibank.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**CHOICE OF LAW**

(To All Causes of Action)

14.     The Complaint, and each claim and cause of action alleged therein, is barred, in whole or in part, to the extent it is based on law other than the governing law contained in the parties' credit card agreement.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**STATUTE OF LIMITATIONS**

(To All Causes Of Action)

15.     The Complaint, and each cause of action therein, is barred by the applicable statutes of limitation, including, without limitation, 15 U.S.C. § 1681p, Cal. Civ. Code § 1785.33 and Cal. Bus. & Prof. Code § 17208.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**SETOFF/OFFSET**

(To All Causes Of Action)

16.     The Complaint, and each claim and cause of action set forth therein, is barred, in whole or in part, on the grounds that Citibank is entitled to an offset or setoff of any damages claimed by Plaintiff based on the amounts owed on Plaintiff's account.

1

**SEVENTEENTH AFFIRMATIVE DEFENSE**

2

**FEDERAL PREEMPTION**

3

(To All Causes Of Action)

4

17.     The Complaint, and Plaintiff's state law claims alleged therein, are barred, in whole

5

or in part, by the doctrine of federal preemption.

6

**EIGHTEENTH AFFIRMATIVE DEFENSE**

7

**NO STANDING**

8

(To Third Cause Of Action)

9

18.     The Complaint, and the Third Cause of Action alleged therein, is barred, in whole or

10

in part, on the grounds that because Plaintiff lost no money or property as a result of any conduct

11

by Citibank, Plaintiff lacks standing to allege the Third Cause of Action.

12

**NINETEENTH AFFIRMATIVE DEFENSE**

13

**RESERVATION OF RIGHT TO ASSERT OTHER DEFENSES**

14

(To All Causes Of Action)

15

19.     Citibank expressly reserves the right to assert such other and further affirmative

16

defenses as may be appropriate.

17

WHEREFORE, Citibank prays for judgment as follows:

18

1.     That Plaintiff take nothing by the Complaint;

19

2.     That the Complaint be dismissed with prejudice;

20

///

21

///

22

///

23

///

24

///

25

///

26

///

27

///

28

///

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT CITIBANK, N.A. TO COMPLAINT

1    3.    That Citibank recover its attorneys' fees and costs herein; and

2    4.    For such other and further relief as the Court deems just and proper.

3

Dated:  July 26, 2012                    STROOCK & STROOCK & LAVAN LLP
4                                        JULIA B. STRICKLAND
                                         MARCOS D. SASSO
5                                        ALEXANDRIA KACHADOORIAN

6

7

8    By  _____
                    Alexandria Kachadoorian
9
     Attorneys for Defendant
10        CITIBANK, N.A.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

LA 51564888                    - 6 -                    Exh. B, Page 32

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT CITIBANK, N.A. TO COMPLAINT

**PROOF OF SERVICE**

STATE OF CALIFORNIA     )
                        )  ss
COUNTY OF LOS ANGELES   )

I am employed in the County of Los Angeles, State of California, over the age of eighteen years, and not a party to the within action.  My business address is: 2029 Century Park East, Suite 1800, Los Angeles, California  90067-3086.

On July 26, 2012, I served the foregoing document(s) described as:  **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT CITIBANK, N.A. TO COMPLAINT** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

> Scott J. Sagaria
> Elliot W. Gale
> Sagaria Law, P.C.
> 333 West San Carlos Street, Suite 1750
> San Jose, CA 95110

☐  **(VIA PERSONAL SERVICE)**  By personally delivering the document(s) listed above to the person(s) at the address(es) set forth above.

☐  **(VIA U.S. MAIL)**  In accordance with the regular mailing collection and processing practices of this office, with which I am readily familiar, by means of which mail is deposited with the United States Postal Service at Los Angeles, California that same day in the ordinary course of business, I deposited such sealed envelope, with postage thereon fully prepaid, for collection and mailing on this same date following ordinary business practices, addressed as set forth below.

☐  **(VIA FACSIMILE)**  By causing such document to be delivered to the office of the addressee via facsimile.

☒  **(VIA OVERNIGHT DELIVERY)**  By causing such envelope to be delivered to the office of the addressee(s) at the address(es) set forth above by overnight delivery via Federal Express or by a similar overnight delivery service.

I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 26, 2012, at Los Angeles, California.

Regina Harcourt                                    _____
[Type or Print Name]                               [Signature]

LA 51564888

Exh. B, Page 33

PROOF OF SERVICE

**PROOF OF SERVICE**

STATE OF CALIFORNIA                    )
                                       )    ss
COUNTY OF LOS ANGELES                  )

I am employed in the County of Los Angeles, State of California, over the age of eighteen years, and not a party to the within action. My business address is: 2029 Century Park East, Suite 1800, Los Angeles, California 90067-3086.

On July 27, 2012, I served the foregoing document(s) described as: **NOTICE OF REMOVAL** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

> Scott J. Sagaria
> Elliot W. Gale
> Sagaria Law, P.C.
> 333 West San Carlos Street, Suite 1750
> San Jose, CA 95110

☐ **(VIA PERSONAL SERVICE)** By causing to be delivered the document(s) listed above to the person(s) at the address(es) set forth above.

☐ **(VIA U.S. MAIL)** In accordance with the regular mailing collection and processing practices of this office, with which I am readily familiar, by means of which mail is deposited with the United States Postal Service at Los Angeles, California that same day in the ordinary course of business, I deposited such sealed envelope, with postage thereon fully prepaid, for collection and mailing on this same date following ordinary business practices, addressed as set forth below.

☐ **(VIA FACSIMILE)** By causing such document to be delivered to the office of the addressee via facsimile.

☒ **(VIA OVERNIGHT DELIVERY)** By causing such envelope to be delivered to the office of the addressee(s) at the address(es) set forth above by overnight delivery via Federal Express or by a similar overnight delivery service.

I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 27, 2012, at Los Angeles, California.

| | |
|---|---|
| Lori A. Reed | |
| [Type or Print Name] | [Signature] |

NOTICE OF REMOVAL

LA 51565264

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Virginia A. Phillips and the assigned discovery Magistrate Judge is Victor B. Kenton.

The case number on all documents filed with the Court should read as follows:

### EDCV12- 1250 VAP (VBKx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

= = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = =

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [_] **Western Division** 312 N. Spring St., Rm. G-8 Los Angeles, CA 90012 | [_] **Southern Division** 411 West Fourth St., Rm. 1-053 Santa Ana, CA 92701-4516 | [X] **Eastern Division** 3470 Twelfth St., Rm. 134 Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.